LeSUEUR, Judge.
Almetta J. Holmes appealed from a judgment rendered against her in favor of plaintiff in the amount of $588.58.
On August 26, 1965, Almetta J. Holmes was driving her 1965 Chevrolet and was struck by another vehicle. The operator of that vehicle and his insurer, Employers Liability Assurance Corporation, Ltd., conceded his negligence and negotiated settlements with all of the occupants of the Holmes vehicle and a release was secured by the insurer. The release and settlement of claim signed by Almetta J. Holmes forms the basis of this action.
Plaintiff was the insurer <?f Mrs. Holmes and after the accident authorized *460 her to have the vehicle repaired at Leon Pickard Chevrolet Co. The car was returned to Mrs. Holmes on November 9, 1965. These repairs did not correct all of the damages and some damages were not correctly repaired. The car was then sent to Garrard-Milner Chevrolet, Inc. and a repair order dated January 3, 1966 was introduced to substantiate this fact. The total amount expended by plaintiff after deducting Mrs. Holmes’ $50.00 deductible was $588.58, which plaintiff now seeks under its subrogation rights contained in its insurance policy.
The issues before this court are factual and require a determination of the release signed by Almetta J. Holmes and the intentions and rights of the parties in relation thereto.
Although Mrs. Holmes and her attorney deny that the release signed was for all property damage, including plaintiff’s sub-rogated claim, the language of the release is plain and reads, in pertinent part, as follows:
“For the sole consideration of Two Thousand Seven Hundred & Sixty & 45/100 Dollars, to me/us in hand paid, the receipt of which is hereby acknowledged, I/we James Holmes and Almetta Holmes, Releasor(s), being over 21 years of age, do hereby release, and forever discharge Attley A.- Walters and The Employers Liability Assurance Corp., Ltd., Releasee(s) and all other persons, firms or corporations from any and all claims, demands, rights, actions or causes of action on account of or in any way growing out of any and all personal injuries (and consequences thereof, including death, and specifically including, also, any injuries which may exist, but which at this time are unknown and unanticipated and which may develop at some time in the future, and all unforeseen developments arising from known injuries) and any and all property damage resulting or to result from an accident that occurred on or about the 26th day of Aug. 1965, and do hereby for myself/ourselves, my/your heirs, executors, administrators, successors, assigns and next of kin covenant to indemnify and save harmless the said above-named Releasee (s) and said persons, firms or corporations above-referred to, from all claims, demands, costs, loss of services, expenses, and compensation on account of or in any way growing out of said accident or its results both to person and property.” (Emphasis added.)
The clear import of the above language is that Almetta Holmes was releasing any and all claims for property damages, even claims of which she did not know the exact amount. This conclusion is strengthened by the report of the adjuster for Employers Liability Assurance Corporation, Ltd., dated January 14, 1966, said report stating that the settlement effected January 5, 1966, included settlement for the property damage involved. In returning the settlement and releases to the adjuster by letter dated January 6, 1966, attorney for Mrs. Holmes did not mention a partial release or in any manner qualify the release returned.
Mrs. Holmes’ defense to plaintiff’s claim was that she only intended to release Employers from her deductible property damage claim in the amount of $50.00. In support of this position, she submits a letter from her attorney to plaintiff’s claims department, dated March 28, 1966, which states the above position and also states that she could not have settled all property damage claims because the costs of all repairs were unknown to her at the time.
Although both positions above stated are logical and apparently well-reasoned, these positions are untenable in the face of the release signed. In light of the fact that the language of the release is clear and Mrs. Holmes had the benefit of advice of counsel in interpreting this language, we have no choice other than to hold that she released the Employers Liability Assurance Corporation, Ltd. from all property dam *461 age claims including those of her subrogat-ed insurer, plaintiff.
For the foregoing reasons, the judgment of the trial court in favor of plaintiff against Almetta J. Holmes in the amount of $588.58, plus legal interest from the date of judicial demand until paid, and all costs of the proceedings, and dismissing plaintiff’s suit against the Employers Liability Assurance Corporation, Ltd., is affirmed; costs of this appeal are to be borne by Al-metta J. Holmes.
Affirmed.